

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| RABBI DEAN ALTON HOLCOMB,　§<br>　　　Plaintiff,　　　　　　　　　　§<br>　　　　　　　　　　　　　　　　§<br>vs.　　　　　　　　　　　　　　　§　CIVIL ACTION NO. 1:14-3477-MGL-SVH<br>　　　　　　　　　　　　　　　　§<br>　　　　　　　　　　　　　　　　§<br>GREENVILLE COUNTY　　　　　§<br>DETENTION CENTER,　　　　　§<br>　　　Defendant.　　　　　　　　§ | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING THE ACTION AGAINST DEFENDANT WITHOUT PREJUDICE,
AND REMANDING THE MATTER TO THE MAGISTRATE JUDGE
FOR FURTHER PROCEEDINGS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 2, 2014, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

According to Plaintiff's complaint, Defendant "has willfully and illegally denied [him] [his] requested kosher diet" and "has willfully and illegally denied [him] [his] requests for access or assistance to legal research materials." Complaint 4. Plaintiff seeks both injunctive and monetary relief. *Id.* at 5-6. But, as the Magistrate Judge noted, "[i]t is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person." Report 3. Because Defendant is an inanimate object and, thus, does not qualify as a "person" under § 1983, summary dismissal of the complaint against Defendant is proper.

In lieu of objections, Plaintiff submitted a motion to amend his complaint. The Court will remand the case to the Magistrate Judge for consideration of Plaintiff's motion to amend. This remand, of course, is caused by no fault of the Magistrate Judge.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report to the extent that it does not contradict this Order and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's action against Defendant is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process. The case is hereby **REMANDED** to the Magistrate Judge to consider Plaintiff's motion to amend his complaint and to conduct any other necessary proceedings.

**IT IS SO ORDERED**.

Signed this 2nd day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis  
MARY G. LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.