IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, | ) | C/A No.: 1:14-3477-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Municipality of Greenville County; | ) | |
| Jail Administrator J. Vandermosten, in | ) | |
| his official capacity; Lt. W. Kramer, in | ) | REPORT AND RECOMMENDATION |
| his official capacity; Lt. R. Gross, in her | ) | |
| official capacity; Sgt. A. Chaudhary, in | ) | |
| his official capacity; Sgt. Goins, | ) | |
| personally and in his official capacity; | ) | |
| and C/O D. Manly, personally and in his | ) | |
| official capacity. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Rabbi Dean Alton Holcomb, proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC") in Greenville, South Carolina. He brings this action pursuant to 42 U.S.C. § 1983, alleging that Greenville County,[1] Greenville County Administrator Vandermosten, and GCDC officers Lt. Kramer, Lt. Gross, Sgt. Chaudhary, Sgt. Goins, and Officer Manly violated his constitutional rights.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for

---

[1] Although Plaintiff names "The Municipality of Greenville County" as a defendant, the undersigned construes the complaint as asserting a claim against Greenville County because his allegations relate to his treatment in the GCDC and he makes no allegation against the City of Greenville.

relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process as to Greenville County, Vandermosten, Gross, Manly, and Goins.[2]

I.      Factual and Procedural Background

Plaintiff filed his original complaint against GCDC on August 29, 2014. [ECF No. 1]. The undersigned issued a report and recommendation on September 2, 2014, recommending that Plaintiff's case be dismissed because GCDC is not a person subject to suit pursuant to 42 U.S.C. § 1983. [ECF No. 8]. On September 22, 2014, Plaintiff filed a motion to amend his complaint. [ECF No. 10]. On October 2, 2014, the Honorable Mary Geiger Lewis, United States District Judge, adopted the undersigned's report as to GCDC, and remanded the case to the undersigned for consideration of Plaintiff's motion to amend. [ECF No. 12]. On October 23, 2014, the undersigned granted Plaintiff's motion to amend, noting that pursuant to Fed. R. Civ. P. 15, he may amend once as a matter of right before a responsive pleading is filed. [ECF No. 17]. However, the court retains authority to review the amended complaint prior to the authorization of service of process pursuant to 28 U.S.C. 636(b)(1). *Id*.

In his amended complaint, Plaintiff complains that Kramer and Chaudhary have not provided him with a kosher diet. [ECF No. 18 at 6–10]. Plaintiff claims that GCDC does not have meaningful research materials available and alleges that the legal

---

[2] A separately-docketed order directs Plaintiff to provide service documents for Kramer and Chaudhary.

2

research assistance provided by Gross was grossly incompetent and followed an "immoral policy and procedure." *Id*. at 4. Plaintiff also contends that Manly stopped him from accessing the court in a meaningful way when his legal work was not copied and the documents were returned crumpled and stained. *Id.* at 10. Plaintiff alleges that Manly and Goins violated his constitutional rights by harassing him, using profanity, and making threats against him. *Id.* at 11–12. Plaintiff requests that the court order GCDC to provide him with a "federal detention standard kosher diet" and access to a reasonable legal research library. *Id.* at 13. Alternatively, Plaintiff requests that court order GCDC to release him on his own recognizance until his trial. *Id.* Plaintiff also seeks monetary damages. *Id.*

II.  Discussion

   A.  Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Sovereign Immunity (Greenville County)

Greenville County is protected from suit by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including state agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 100 (1984) (finding "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that references to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). In South Carolina, counties are political subdivisions of the State. *See* S.C. Code Ann. § 4-1-10. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979) (finding that Congress did not abrogate the states' sovereign immunity in 42 U.S.C. § 1983); S.C. Code Ann. § 15-78-20(e) (affirming that South Carolina has not waived Eleventh Amendment immunity for its political subdivisions). Because Greenville County is protected from suit by Eleventh Amendment immunity, it should be summarily dismissed from this case.

    2.    Insufficient Factual Allegations (Vandermosten)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter,

5

accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's amended complaint provides no factual allegations regarding Vandermosten. Accordingly, this defendant is entitled to summary dismissal from the action.

3. Verbal Abuse (Manly, Goins)

Plaintiff claims that Manly and Goins verbally abused and harassed him. [ECF No. 18 at 11–12]. Such allegations fail to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007); *Wilson v. McKeller,* 254 F. App'x. 960, 961 (4th Cir. 2007) (finding that verbal assault, standing alone, is not a cognizable injury in a § 1983 civil rights action). While such behavior is reprehensible, it does not give rise to a cognizable claim pursuant to § 1983. Plaintiff's verbal abuse claims are subject to summary dismissal.

4. Access to Courts Claim (Gross, Manly)

Plaintiff alleges that GCDC has inadequate legal research material available, that Gross provided incompetent legal research assistance, and that Manly refused to make copies of his legal documents. [ECF No. 18 at 4, 10]. To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific, actual injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being

impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Plaintiff provides no indication that he has missed any court deadlines or that Gross and Manly's actions have impacted his ability to pursue his non-frivolous legal claims. Because Plaintiff fails to demonstrate an actual injury resulting from Gross and Manly's actions, his access to courts claim is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process as to Greenville County, Vandermosten, Manly, Goins, and Gross.

IT IS SO RECOMMENDED.

October 23, 2014                                  Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).