IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, | ) | C/A No.: 1:14-3477-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Lt. W. Kramer and Sgt. A. Chaudhary, in their official capacity, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Rabbi Dean Alton Holcomb, proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at the Greenville County Detention Center ("GCDC") in Greenville, South Carolina. He filed this action pursuant to 42 U.S.C. § 1983, alleging that GCDC officers Lt. Kramer and Sgt. Chaudhary violated his constitutional rights. This matter is before the court on Plaintiff's motion to amend the amended complaint. [ECF No. 38]. This matter was referred to the undersigned for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.).

Plaintiff's motion to amend seeks to add Major Stowers ("Stowers") as a defendant. In support of his motion, Plaintiff alleges that Stowers is the highest-ranking person at GCDC that Plaintiff has been able to contact and receive a reply. [ECF No. 38 at 1]. He states that "Major Stowers has consistently refused to acknowledge the fact that every meal served as 'kosher' has at least 1 item that Stowers, Kramer, & Chaudhary have been informed as to being not kosher." *Id.* at 2.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Here, Plaintiff appears to seek to add Stowers on a supervisory liability theory. Higher officials may be held liable for the acts of their subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985). Liberally construing Plaintiff's motion to amend, Plaintiff alleges that Stowers is aware that his meals have one item that he does not consider kosher. Nevertheless, Plaintiff's motion to amend fails to state a cause of action against Stowers for which relief can be granted. The fact that one item in his meal may not be kosher, without more, at most constitutes negligence, but does not rise to the level of a constitutional claim. *See Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) (holding that "negligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause" of the Constitution). Plaintiff has not shown that

Stowers was aware of an unreasonable risk of harm to Plaintiff and has filed to take corrective action. Therefore, Plaintiff's motion to amend [ECF No. 38] is denied.

IT IS SO ORDERED.

July 27, 2015
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge