IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, | ) | C/A No.: 1:14-3477-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lt. W. Kramer and Sgt. A. Chaudhary, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at Greenville County Detention Center ("GCDC") and alleges GCDC officers Lt. W. Kramer and Sgt. A. Chaudhary ("Defendants") violated his constitutional rights. This matter comes before the court on Defendants' motion for summary judgment [ECF No. 53]. The motion having been fully briefed [ECF Nos. 56, 61], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendant's motion for summary judgment be granted.

I.      Factual and Procedural Background

Plaintiff filed his original complaint against GCDC on August 29, 2014. [ECF No. 1]. The undersigned issued a report and recommendation on September 2, 2014, recommending that Plaintiff's case be dismissed because GCDC is not a person subject to suit pursuant to 42 U.S.C. § 1983. [ECF No. 8]. On September 22, 2014, Plaintiff filed a motion to amend his complaint. [ECF No. 10]. On October 2, 2014, the Honorable Mary Geiger Lewis, United States District Judge, adopted the undersigned's recommendation as to GCDC, and remanded the case to the undersigned for consideration of Plaintiff's motion to amend. [ECF No. 12]. On October 23, 2014, the undersigned granted Plaintiff's motion to amend, noting that pursuant to Fed. R. Civ. P. 15, he may amend once as a matter of right before a responsive pleading is filed. [ECF No. 17]. However, the undersigned noted that the court retained authority to review the amended complaint prior to the authorization of service of process pursuant to 28 U.S.C. 636(b)(1). *Id*. On October 23, 2014, the undersigned recommended former defendants Greenville County, Vandermosten, Manly, Goins, and Gross be dismissed [ECF No. 21], and Judge Lewis adopted the recommendation on January 26, 2015 [ECF No. 36].

In his amended complaint, Plaintiff alleges that Defendants have violated his rights by failing to provide him with a kosher diet and inquiring into the earnestness of his religious beliefs. [ECF No. 18 at 6–10]. Specifically, Plaintiff requested a kosher diet at GCDC in late August 2014. [ECF No. 18 at 6]. Chaudhary, who oversees the GCDC kitchen, contacted Plaintiff to further inquire about the kind of kosher diet he

requested, and Plaintiff "stated [he] wanted a federal detention standard kosher diet."
*Id.* at 7. Chaudhary informed him that GCDC was not required to follow federal prison
regulations, but promised to respond further to Plaintiff. *Id.* Following his discussion
with Plaintiff, Chaudhary contacted GCDC's food vendors to determine what kosher
alternatives were available and to acquire kosher certificates for kosher items that were
already in the GCDC kitchen. Chaudhary Aff. at ¶5.[1] Chaudhary also planned a
meeting with Kramer and Plaintiff. *Id.* At the meeting Kramer gave Plaintiff a kosher
certificate for items already in GCDC and requested Plaintiff provide a list to guide
Defendants. [ECF No. 18 at 7]. Instead of providing information to Defendants,
Plaintiff reported that the federal bureau of prisons provided pre-packaged kosher
meals. He asked Kramer to use google to check the federal detention standards, but
Kramer refused. *Id.* at 8. Plaintiff claims they agreed to a temporary vegetarian diet
while Kramer investigated further. *Id.*

On September 18, 2014, Kramer brought a rabbi to meet with Plaintiff to try to
determine what diet or foods would be satisfactory to Plaintiff. Kramer Aff. at ¶5.[2]
Plaintiff believes the rabbi was quizzing him and found it offensive. [ECF No. 18 at 8–
9]. On October 31, 2014, "GCDC adopted a Common Fare policy that addresses
restricted diets across multiple religions." Kramer Aff. at ¶7. Plaintiff argues that he
continues to receive foods that are not kosher.

---

[1] Chaudhary's affidavit may be found at ECF No. 53-2.
[2] Kramer's affidavit may be found at ECF No. 53-3.

II.      Discussion

        A.      Standard on Summary Judgment

        The court shall grant summary judgment "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of

demonstrating that summary judgment is appropriate; if the movant carries its burden,

then the burden shifts to the non-movant to set forth specific facts showing that there is

a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If

a movant asserts that a fact cannot be disputed, it must support that assertion either by

"citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including

those made for purposes of the motion only), admissions, interrogatory answers, or

other materials;" or "showing . . . that an adverse party cannot produce admissible

evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

        In considering a motion for summary judgment, the evidence of the non-

moving party is to be believed and all justifiable inferences must be drawn in favor of

the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

However, "[o]nly disputes over facts that might affect the outcome of the suit under

the governing law will properly preclude the entry of summary judgment. Factual

disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further,

while the federal court is charged with liberally construing a complaint filed by a pro

se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v.*

4

*Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.      Analysis

As an initial matter, Defendants argue that the only remaining claim in this case is whether they unconstitutionally tested the sincerity of Plaintiff's religious beliefs. [ECF No. 53-1]. However, liberally construing Plaintiff's pro se amended complaint, as the court must, Plaintiff has stated a claim for failure to accommodate his religious belief. The undersigned's October 23, 2014, report and recommendation placed Defendants on notice of the court's liberal construction. [ECF No. 21 at 3 ("In his amended complaint, Plaintiff complains that Kramer and Chaudhary have not provided him with a kosher diet.").

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. 1. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, (1987) (citations omitted). However, "[m]any of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta,* 539 U.S. 126, 131 (2003). The Supreme Court has held that "when a prison regulation impinges on inmates' constitutional

rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987). When making the determination, the court must "respect the determinations of prison officials." *United States v. Stotts,* 925 F.2d 83, 86 (4th Cir. 1991). The burden of proof under the *Turner* analysis is on the prisoner to disprove the validity of the prison regulation at issue. *See Overton,* 539 U.S. at 132.

Here, in response to Plaintiff's complaints, Defendants tried to accommodate Plaintiff's requests for a kosher diet by requesting kosher certificates and asking Plaintiff to provide further guidance regarding a kosher diet. In addition, GCDC created a "Common Fare" policy to address restricted diets of inmates. Although a copy of the common fare policy is not in the record before the court, the only non-kosher foods Plaintiff argues that he continues to receive are boiled eggs, grits, and biscuits at breakfast and an occasional serving of bologna. [ECF No. 56 at 3–4].[3] In an unpublished decision, the Fourth Circuit Court of Appeals applied *Turner* and found that a detention center's refusal to provide the plaintiff with kosher meals was reasonably related to promoting legitimate penological interests. *Cooper v. Lanham*, 145 F.3d 1323 (4th Cir. 1998) (unpublished disposition); *see also Brown v. Major*, C/A No. 4:14-4191-TMC-TER, 2015 WL 7292868, *3 (D.S.C. Oct. 30, 2015), *report*

---

[3] In his response filed June 18, 2015, Plaintiff refers to Defendants' interrogatory responses, which were not attached, to prove that some food items are not kosher. [ECF No. 56]. A courtesy review of Plaintiff's other cases in the district revealed that such interrogatory responses were filed as support for a complaint Plaintiff filed on September 4, 2015, which was received in an envelope that states "New Lawsuit #1 of 2." *See Holcomb v. Greenville County*, C/A No. 1:15-3581-MGL at ECF No. 1.

*and recommendation adopted by* 2015 WL 7302230 (D.S.C. Nov. 18, 2015) (finding

that a pork-free diet that failed to further accommodate a variety of dietary requests did

not give rise to a constitutional claim); *Baumgarten v. Howard Cnty. Dep't of Corr.*,

C/A No. JFM-13-1493, 2015 WL 857974, at *6 (D.Md. Feb. 25, 2015) (same).

Plaintiff has not shown that Defendants' failure to provide him with a completely

kosher diet violates his constitutional rights.

To the extent Plaintiff claims there is inadequate variety in his meals or that the

food is served cold, he has failed to state a constitutional violation. "It is well-

established that inmates must be provided nutritionally adequate food, prepared and

served under conditions which do not present an immediate danger to the health and

well-being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975 (4th Cir.

1985). However, a prisoner is entitled only to reasonably adequate food. *Hamm v.

DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). "The fact that the food occasionally

contains foreign objects or sometimes is served cold, while unpleasant, does not

amount to a constitutional deprivation." *Id*. Occasional short-lived problems with food

service and isolated instances of spoiled food or foreign objects in the food do not state

cognizable claims under the Eighth Amendment. *Bedell v. Angelone*, No. 2:01-cv-780,

2003 WL 24054709, *14 (E.D.Va. 2003), *aff'd per curiam*, 87 F. App'x 323 (4th Cir.

2004). The Constitution does not guarantee, however, food that is prepared and served

in a culinarily pleasing manner. *See Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994)

(holding that allegations of cold, poorly prepared beans were insufficient to state a

constitutional claim); *see also Lasure v. Doby*, C/A No. 0:06-cv-1527-RBH-BM, 2007

WL 1377694, *5 (D.S.C. May 8, 2007) (unpublished) (noting that plaintiff was "being held in a[ ] jail facility, not a hotel").

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment be granted. If the district judge accepts this recommendation, Plaintiff's motion for injunctive relief [ECF No. 51] and his motion for summary judgment [ECF No. 57] will be rendered moot.[4]

IT IS SO RECOMMENDED.

January 6, 2015                                          Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] Plaintiff's motions for injunctive relief and for summary judgment reiterate the same arguments discussed herein. In addition, his motion for summary judgment was not timely filed by the June 1, 2015, deadline.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).